NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 30 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HEMP INDUSTRIES ASSOCIATION, et al.,

Petitioners,

v.

U.S. DRUG ENFORCEMENT ADMINISTRATION and ROBERT W. PATTERSON, as Acting Administrator, Drug Enforcement Administration,

Respondents.

No.   17-70162

MEMORANDUM*

On Petition for Review of a Final Rule of the
Drug Enforcement Administration

Argued and Submitted February 15, 2018
San Francisco, California

Before:  HAWKINS and TALLMAN, Circuit Judges, and MURPHY,** District Judge.

Petitioners Hemp Industries Association, Centuria Natural Foods, Inc., and

R.M.H. Holdings, Inc. (collectively "Petitioners") petition this Court to review a

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Stephen J. Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

final Drug Enforcement Agency ("DEA") rule that establishes a new drug code for marijuana[1] extract. We have jurisdiction under 21 U.S.C. § 877, and deny the petition.

The Controlled Substances Act regulates the possession and sale of certain substances, including marijuana. 21 U.S.C. § 812(c), Schedule I (c)(10). On July 5, 2011, the DEA issued a notice of proposed rulemaking (NPRM) that would establish a new drug code specifically for marijuana extract. The DEA reasoned that the new code would assist the U.S. in complying with certain drug-control treaties. Notice and comment followed, but none of the Petitioners participated in it. When the Final Rule was published on December 14, 2016, the DEA addressed the comments raised and noted how it has slightly changed the definition in light of the comments. 81 Fed. Reg. 90,194-01. The rule went into effect on January 13, 2017, and Petitioners timely filed the instant petition for review that same day

A party may petition a Court of Appeal for review of a final DEA decision, 21 U.S.C. § 877, but if the party fails "to make an argument before the administrative agency in comments on a proposed rule," they are barred "from raising that argument on judicial review." *Universal Health Servs., Inc. v.*

---

[1] The Controlled Substances Act uses the spelling "marihuana." Consistent with our prior practice, we employ the modern spelling here. *Cf. Hemp Indus. Ass'n. v. DEA*, 357 F.3d 1012, 1013 n.1 (9th Cir. 2004).

*Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004) (citing *Exxon Mobil Corp. v. EPA*, 217 F.3d 1246, 1249 (9th Cir. 2000)).

Petitioners did not participate in notice and comment, but insist that a comment submitted by a private citizen adequately raised the concerns that now comprise their petition. *See Portland Gen. Elec. Co. v. Bonneville Power Admin.*, 501 F.3d 1009, 1024–25. (9th Cir. 2007). The comment focused on the original phrasing of the Proposed Rule, which defined extracts as containing "cannabinols and cannabidiols." The commenter inquired whether this would cover "100% pure Cannabidiol by itself with nothing else?" The Final Rule put this question to rest when it rephrased the definition to apply to an "extract containing one or more cannabinoids[.]" 81 Fed. Reg. 90195 (Dec. 14, 2016).

Neither this comment nor any other raised with sufficient clarity Petitioners' current argument that the Final Rule scheduled a new substance. *See Glacier Fish Co. LLC v. Pritzker*, 832 F.3d 1113, 1120 n.6 (9th Cir. 2016). Nor did any comment raise Petitioners' additional arguments that the Final Rule and its promulgation violated the Information Quality Act, Regulatory Flexibility Act, or Congressional Review Act. Petitioners have therefore waived their arguments relating to the scheduling of a new substance and those Acts. There are no exceptional circumstances to excuse the waiver. *See Exxon Mobil*, 217 F.3d at 1249.

Petitioners also claim the Final Rule conflicts with a portion of the Agricultural Act of 2014 (now codified at 7 U.S.C. § 5940) and the Consolidated Appropriations Act of 2016, Pub. L. No. 114-113, § 763, 129 Stat. 2242, 2285 (2015). Because the notice-and-comment period predated the Act, Petitioners' arguments relating to those Acts are not waived, but fail nonetheless on the merits.

The Agricultural Act provides that "[n]otwithstanding the Controlled Substances Act . . . or any other Federal law, an institution of higher education . . . or a State department of agriculture may grow or cultivate industrial hemp," provided it is done "for purposes of research conducted under an agricultural pilot program or other agricultural or academic research" and those activities are licit under the relevant State's laws. 7 U.S.C. § 5940(a). The Agricultural Act contemplates potential conflict between the Controlled Substances Act and preempts it. The Final Rule therefore does not violate the Agricultural Act.

The Consolidated Appropriations Act forbids the use of federal funds from being used "in contravention of . . . the Agricultural Act" or "to prohibit the transportation, processing, sale, or use of industrial hemp that is grown or cultivated in accordance with subsection section 7606 of the Agricultural Act of 2014." Consolidated Appropriations Act, 2016, Pub. L. No. 114-113, § 763, 129 Stat. 2242, 2285 (2015). Petitioners are not challenging the use of federal funds, but rather the validity of an agency rule. Their suggestion that the "promulgation of

4

the Final Rule likely required use of extensive DEA resources," is not sufficient grounds to invalidate the Final Rule.

**The Petition for Review is DENIED.**